INDIA RUBBER CO. v. CONSOLIDATED RUBBER TIRE CO.

(Circuit Court, D. New Jersey. May 8, 1902.)

1. EQUITY—JURISDICTION—ENFORCEMENT OF LEGAL DEMAND.
   A federal court of equity cannot entertain a suit to recover a money judgment for damages for breach of a contract merely because such contract contained a provision giving the complainant the right to inspect the defendant's books, to ascertain the amount of liability thereunder, which right complainant seeks to enforce by the aid of a court of equity. Such relief, in aid of a legal action, must be sought in a separate proceeding.

In Equity. On demurrer to bill.

J. Laflin Kellogg, for the motion.
Joseph Kling, opposed.

KIRKPATRICK, District Judge. The bill of complaint alleges that prior to 1897 the India Rubber Company was engaged in the manufacture of rubber vehicle tires of the type claimed to be covered by letters patent of the United States No. 554,675, commonly known as the "Grant" patent, and that in the course of its business it sold large quantities of its goods to various customers; that the Rubber Tire Wheel Company brought suits in various courts against several of the customers of the complainant, claiming to be the sole owner of said letters patent, and charging the said customers with being infringing users of the same. Before any of the questions at issue in said suits were determined, an agreement was made to settle the differences between the parties to said suits, as well as between the complainants therein and the complainant herein, who was interested in the same because it had indemnified its customers against infringement. A copy of the agreement, so entered into between the Rubber Tire Wheel Company and the India Rubber Company, the complainant herein, is set out at length, and appended to the complaint. From it, it appears that, in addition to the discontinuance of its suits against the customers of the India Rubber Company, the Rubber Tire Wheel Company was to give a license to the India Rubber Company to manufacture tires under the Grant patent in suit; but the license was to be suspended so long as the Rubber Tire Wheel Company, or its successors or assigns, performed the covenants by them agreed to be performed. The Rubber Tire Wheel Company by the agreement undertook and promised to purchase each year during the term of the Grant patent 40 per cent. of all the finished rubber tire stock which would be needed by it and its acquired companies, agreeing that, if the amount so required should not equal in value the sum of $150,000, it should either pay the difference between the value of the amount so purchased and said sum in cash, or take additional rubber stock for the difference, at a price which was fixed. In order that the complainant herein might ascertain if the other party to said agreement was acting

¶ 1. See Equity, vol. 19, Cent. Dig. §§ 110, 114.

in good faith, the agreement provided that an examination might be made by complainant herein, or its agent, of the books of the said other party.

The bill of complaint then alleges:

"That by the acquisition or purchase on the part of the defendant, the Consolidated Rubber-Tire Company, of the business, good will, property plants of every nature, kind, and description whatsoever, of the Rubber Tire Wheel Company, the defendant in this suit has been subrogated to all the rights, and charged with all the obligations, of the Rubber Tire Wheel Company, so far as concerns the matters hereinbefore recited."

Nothing is produced to the court from which it can deduce the conclusions of law here stated.

The bill also sets forth that in the year 1899 an agreement was made between the complainant and defendant herein for the sale by complainant to defendant of rubber tires made according to a formula to be furnished by defendant, amounting in value each year to at least $500,000, with a penalty for the failure to do so. It alleges breach of this condition, and claims that the complainant has on hand a large stock of goods ordered by defendant which it would be obliged to dispose of at a loss.

The prayer of the bill is that complainant have judgment for $19,611.96, the amount due for goods sold and delivered under the terms of the contract first set forth, and for the further sum of $250,000 for damages occasioned by breach of said contract secondly set forth.

The defendant has demurred to the bill, as presenting no ground for equitable relief. It will be observed that the complainant's right of recovery depends upon the existence, validity, and breach of the contracts set out in the complaint. If the defendant be liable for the goods sold and delivered under the contract made between the complainant and the Rubber Tire Wheel Company, or for refusal to take goods ordered in pursuance of the contract entered into between defendant and complainant, the case presented is but that of a simple contract creditor seeking to obtain money damages for breach of a contract obligation. The contract is secured by no lien, nor is there any trust involved. Such actions "can be brought in the federal courts only on their law side." Scott v. Neely, 140 U. S. 107, 11 Sup. Ct. 714, 35 L. Ed. 358.

It is urged upon the court that because one of the contracts provides for an inspection of books, to properly ascertain the amount of liability thereunder, a court of equity thereby acquires jurisdiction of the subject-matter. This is not the law. Courts of equity may decide legal questions when they arise incidentally or collaterally in a suit properly instituted for equitable relief, but they will not assume jurisdiction to render a money judgment for breach of contract, because in the prosecution of an action at law its aid may be useful to enforce discovery. "Such aid in the federal courts must be sought in separate proceedings, to the end that the right of a trial by jury in the legal action may be preserved intact"; which right, the court say, cannot be "impaired by any blending with a claim properly cognizable at law of a demand for equitable relief in aid of the legal action." Scott v. Neely, supra.

This action, then, being one properly cognizable in a court of law, judgment must be for the defendant on the demurrer, and the bill of complaint dismissed.